[No. 9520. In Bank. — December 1, 1887.]

A. H. LOUGHBOROUGH, ADMINISTRATOR, ETC., OF. EUGENE CASSERLY, DECEASED, APPELLANT, *v.* HENRY P. McNEVIN ET AL., RESPONDENTS.  J. F. EAGAN, INTERVENOR AND RESPONDENT.

PLEDGE — PERSONAL PROPERTY IN POSSESSION — SECURITY FOR DEBT. — Under section 2924 of the Civil Code, one having the possession of personal property as security for a debt due him holds the same as a pledge, whether the title thereto has passed to him or not.

ID. — TENDER — REFUSAL TO DELIVER — EXTINGUISHMENT OF LIEN — CONVERSION. — The lien of a pledgee is extinguished when a tender of the amount due on the debt is made according to law and refused by the pledgee. Upon such tender being made and refused, the pledgor is entitled to the property pledged; and when, on or after such tender, a demand is made for the pledge, which is refused, the pledgee is guilty of conversion.

ID. — CONDITIONAL TENDER. — A tender of the indebtedness secured by the pledge is not vitiated by a condition imposed at the time of the tender that the property pledged should be delivered to the pledgor.

ID. — TIME FOR PAYMENT — TENDER AFTER DEMAND FOR PAYMENT. — Where a contract of pledge does not fix the time for the payment of the debt secured thereby, a tender of the amount due thereon, with interest, made within a reasonable time after a previous demand for payment had been refused by the pledgor, is good, under section 1492 of the Civil Code, and extinguishes the lien of the pledgee.

ID. — PLEA OF TENDER. — In an action to enforce a pledge, a plea of a previous tender of the indebtedness is good without bringing the money into court.

ID. — REFUSAL TO DELIVER — ATTACHMENT BY STRANGER — ASSIGNMENT. — A pledgee is not justified in refusing to surrender the property pledged to the assignee of the pledgor, upon a tender by him of the amount secured thereby, by reason of the fact that subsequent to the assignment the property had been attached as belonging to the original pledgor.

ID. — DEPRECIATION OF PLEDGED PROPERTY — LIABILITY OF PLEDGEE, HOW ENFORCED. — The pledgee is liable to the pledgor for the depreciation in value of the property pledged after a tender of the amount due, and the refusal of the pledgee to deliver; and such liability may be enforced by the pledgor, either by an action of trover, or by a bill to redeem.

ID. — ACTION TO ENFORCE PLEDGE — INTERVENTION BY ASSIGNEE OF PLEDGOR. — Where a pledgor, pending an action to enforce the pledge, assigns his interest in the property pledged, and any cause of action he might have against the pledgee for the conversion thereof, the assignee, under section 386 of the Code of Civil Procedure, may intervene for the purpose of enforcing the rights assigned to him.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of Department Two.

*Wilson & Wilson,* and *Samuel M. Wilson,* for Appellant.

· The plea of tender is no defense to the action. It merely relieves the defendant of costs on his making his tender good by depositing the money in court. It does not satisfy or extinguish the debt or obligation. (Code Civ. Proc., sec. 1030; Graham's Practice, 544; *People* v. *Banker,* 8 How. Pr. 258; *Wilder* v. *Seelye,* 8 Barb. 408; *Haldenby* v. *Tuke,* Willes, 632; *Giles* v. *Hart,* 2 Salk. 622; *Redington* v. *Chase,* 34 Cal. 670; *Perre* v. *Castro,* 14 Cal. 519; 76 Am. Dec. 444; *Ketchum* v. *Crippen,* 37 Cal. 227; *Himmelmann* v. *Fitzpatrick,* 50 Cal. 651; *Roosevelt* v. *Bull's Head Bank,* 45 Barb. 579.) The pledgee, having the legal title, was not guilty of conversion upon tender being made and refusal to deliver. (*Fulton* v. *Fulton,* 48 Barb. 589; *Herring* v. *Tilghman,* 13 Ired. 392; *Killian* v. *Carroll,* 13 Ired. 431; *Balch* v. *Jones,* 61 Cal. 234; *Heyland* v. *Badger,* 35 Cal. 411; *Rogers* v. *Huie,* 2 Cal. 571; 56 Am. Dec. 363; *Wiley* v. *First Nat. Bank,* 47 Vt. 552; 19 Am. Rep. 122; *Kelsey* v. *Griswold,* 6 Barb. 443.) The assignee, Eagan, was not entitled to intervene. (Code Civ. Proc., sec. 385; *Temple* v. *Alexander,* 53 Cal. 8; *Caraby* v. *Morgan,* 5 Mart., N. S., 501; *Lee* v. *Bradlee,* 8 Mart. (La.) 54.)

*D. S. Smoot, Ogden Hiles, M. N. Stone,* and *B. B. Newman,* for Respondents.

· While the tender did not extinguish the debt, it did extinguish the lien of the pledgee; and upon his refusal upon tender and demand to deliver the property, the

pledgee became liable for a conversion. (3 Parsons on Contracts, 274; Vin. Abr., tit. Pawn, E; *Anonymous*, 2 Salk. 522; *Parks* v. *Hall*, 2 Pick. 206; *Walker* v. *Smith*, 5 Barn. & Ald. 439; Civ. Code, secs. 1504, 2905, 2909, 2910; *Gay* v. *Moss*, 34 Cal. 125; *Kortright* v. *Cady*, 21 N. Y. 344; 78 Am. Dec. 145.) The case is a proper one for intervention by the assignee. (*Brooks* v. *Hagar*, 5 Cal. 283; *Hocker* v. *Kelley*, 14 Cal. 165; *Horn* v. *Volcano W. Co.*, 13 Cal. 62; 73 Am. Dec. 569; *Davis* v. *Eppinger*, 18 Cal. 378; 79 Am. Dec. 184; *Coghill* v. *Marks*, 29 Cal. 673; *Stich* v. *Goldner*, 38 Cal. 608; *Spanagel* v. *Reay*, 47 Cal. 608; *Poehlmann* v. *Kennedy*, 48 Cal. 201; *Gradwohl* v. *Harris*, 29 Cal. 150; *Coburn* v. *Smart*, 53 Cal. 742; *Wangenheim* v. *Graham*, 39 Cal. 178; *Ainsworth* v. *Bowen*, 9 Wis. 348.) The rights of McNevin's assignee, being prior in time, were superior to those acquired under the attachment. (*Walling* v. *Miller*, 15 Cal. 38; *Hardy* v. *Hunt*, 11 Cal. 343; 70 Am. Dec. 787.)

THORNTON, J. — The judgment and order appealed from are affirmed for the reasons given in the decision by Department Two, filed June 27, 1887.

SHARPSTEIN, J., SEARLS, C. J., McFARLAND, J., TEMPLE, J., and PATERSON, J., concurred.

The following is the opinion of Department Two, above referred to: —

THORNTON, J.—The plaintiff's intestate, some time prior to October, 1876, lent defendant Henry P. McNevin a sum of money, for which he received as security some shares of stock. On the 19th of July, 1877, McNevin assigned to defendant L. P. Drexler his interest in the stock above mentioned, in consideration that Drexler would assume the payment of his debts due to Casserly on said stock. This assignment Drexler ac-

cepted, and on the 21st of the same month informed
Casserly of such assignment. On receiving this notice,
Casserly, on the same day, declared his willingness to de-
liver the stock to Drexler upon receiving the money se-
cured by it. On the 22d of September, 1877, Drexler
made a legal tender to Casserly of the amount due to
him on the stock, and demanded a delivery of it. Cas-
serly made no objection to the tender, admitted that it
was correct and sufficient, but refused to accept the
money and deliver the stock, on the ground that process
of garnishment in the matter of an order for money
against Henry P. McNevin in favor of defendant Teresa
E. McNevin had been served on him on September 1,
1877. On the 28th of September, 1877, six days after
the tender was made and refused, this action was com-
menced by Casserly. Henry P. McNevin, Teresa E.
McNevin, and Drexler were made defendants to the ac-
tion. The object of the action was to have an account
taken of the amount due by McNevin to him, that the
money found due him be adjudged to be paid him by
Teresa E. McNevin or Drexler, as either shall be found
entitled thereto, and in default of payment, that the de-
fendants be foreclosed of all right of redemption, etc.,
for a sale, etc. H. P. McNevin answered, stating that
he had, on the 19th of July, 1877, sold and assigned the
stock to Drexler in good faith, for the consideration of
eleven thousand dollars, paid him by his vendee. T. E.
McNevin answered, denying that Drexler ever purchased
the stock of Henry P. McNevin, denied that there was
due to Casserly from H. P. McNevin any sum greater
than $9,837.27, secured as above mentioned, and stated
that she claimed a lien upon the stock under executions
issued in the action brought by her against Henry P.
McNevin, by means of which the stock was attached.
The executions mentioned were issued on orders made
in the action just above mentioned. In the same ac-
tion, an order was made, which was served on Casserly

on the sixteenth day of September, 1877, directing him not to pay over or transfer any property held by him belonging to H. P. McNevin.

Drexler, in his answer, set up the assignment to him, the notification to Casserly of this assignment, the tender to Casserly and its refusal by him, as they are set forth herein, and averred his willingness and readiness to pay, and then offered to pay into court the amount due Casserly, as the court should direct, upon Casserly's delivering to him the stock held by him as security.

J. F. Eagan, on the 18th of February, 1879, filed a complaint in intervention, in which he averred an assignment to him by Drexler of the stock held by Casserly as security, and also of all claim for damages by Drexler for the conversion of the stock thereinafter mentioned. He then goes on to aver the facts showing a conversion by Casserly, which are the facts above set forth by Drexler in his answer, and the further fact that Casserly refused, upon the tender made him in September, 1877, to accept the said amount tendered, and deliver the stock to Drexler. Casserly demurred to the complaint of Eagan, which was overruled. He then answered the complaint last mentioned, denying the conversion averred.

The cause was tried, and judgment rendered against Casserly in favor of Eagan for the sum of $15,225, and costs. Casserly moved for a new trial, which was denied. This appeal is prosecuted from the judgment and order above mentioned.

Casserly held the stock as a pledge. He so states in his complaint; and under section 2924, Civil Code, having it in his possession, as it was personal property, it was a pledge whether the title passed to him or not.

The lien of a pledgee is extinguished when a tender of the amount due on the debt is made according to law and its refusal by the pledgee. (*McCalla* v. *Clark*, 55 Ga. 53; *Ratcliff* v. *Vance*, 2 Mill Const. 239.) Upon

such tender being made and refused, the pledgor is entitled to the property pledged, and certainly when, on or after such tender, a demand is made for the pledge, which is refused, a conversion takes place. (See cases just above cited.) The refusal to deliver the pledged property on demand is an exercise of dominion over the property of another in defiance of the other's right, which is a conversion. (*Dodge* v. *Meyer*, 61 Cal. 420, 421.) Such conversion is wrongful, and extinguishes the lien, under section 2910, Civil Code. (See *Rodgers* v. *Grothe*, 58 Pa. St. 414; *Davis* v. *Bigelow*, 62 Pa. St. 242; *Lawrence* v. *Maxwell*, 53 N. Y. 19.)

Was the tender in this case made in accordance with law? It was of the whole amount—principal and interest—due to Casserly. The demand made at the same time that the stock pledged be delivered to him, conceding it to be a condition, was one which he had a right to impose, as it was concurrent with the payment of the money in accordance with Casserly's promise in his letter of July 21, 1877, to Latham and King, the agents of Drexler, that on payment of the money, he would transfer the stock, which latter was communicated by Latham and King to Drexler. The announcing of such condition did not vitiate his tender. It is so declared in section 1498, Civil Code. (See *Wheelock* v. *Tanner*, 39 N. Y. 481.)

The tender was made in time. The code (sec. 1490, Civ. Code) provides that where an obligation fixes the time for its performance, an offer of performance must be made at that time, within reasonable hours, and not before nor afterward. But where an obligation does not fix the time of performance, an offer of performance may be made at any time before the debtor, upon a reasonable demand, has refused to perform. (Sec. 1491, Civ. Code.) The obligation of McNevin was to repay the advances after a reasonable time, whenever he should be thereunto requested by the plaintiff. This was averred

in the complaint and not denied in the answer. The time of performance was not then fixed by the obligation. A request to pay, which is tantamount to a demand, was made by Casserly of McNevin on or about the 26th of June, 1877, and refused. The tender could not have then been made after this demand except for section 1492, Civil Code, which provides as follows:—

"Where delay in performance is capable of exact and entire compensation, and time has not been expressly declared to be of the essence of the obligation, an offer of performance, accompanied with an offer of such compensation, may be made at any time after it is due, but without prejudice to any rights acquired by the creditors, or by any other person in the mean time."

We are of opinion that the tender is good under this last section, as the interest offered was compensation for the delay.

It is said that the plea of tender by Drexler is insufficient for the reason that he did not bring the money into court. We think the plea is sufficient without bringing the money into court. This is so held in *Kortright* v. *Cady*, 21 N. Y. 343, 354, 366; 78 Am. Dec. 145. The authorities referred to in the cases just cited in the opinions of Davis, J., and Comstock, C. J., sustain this rule. The plea here is in accordance with section 1495, Civil Code, and it is expressly provided by section 1504, Civil Code, that an offer of payment duly made, though the title to the thing offered be not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof. One of these incidents is the discharge or extinction of the lien. The rule laid down in *Kortright* v. *Cady* is the same. (21 N. Y. 353, 366; 78 Am. Dec. 145.)

The tender was not objected to by Casserly when made. The lien having been extinguished, Drexler was

entitled to the possession of the stock. Casserly then had no right to withhold it from Drexler.

We cannot see how an attachment by Teresa McNevin, a third person, with whom Drexler had no connection or privity, could justify the plaintiff's intestate in his detention of the stock.

The stock was the property of Drexler when it was attached, subject to the lien for the debt due to Casserly, and the attachment of it as the property of H. P. McNevin gave him no right to detain it from Drexler, when a proper tender had been made and refused.

The answer of Drexler was in effect an action to redeem. In such action, whether the right is enforced by an action of trover or by a bill pure and simple to redeem, the pledgee will be responsible to the pledgor for depreciation in the value of the pledged property, after a tender of the amount due and the refusal by the pledgee. (*Griswold* v. *Jackson*, 2 Edw. Ch. 461; *Jackson* v. *Griswold*, 4 Hill, 522; *Hathaway* v. *Fall River National Bank*, 131 Mass. 14; *Hancock* v. *Franklin Ins. Co.*, 114 Mass. 155.) Eagan's complaint in intervention set forth the right to redeem, as well as did the answer of Drexler, and in fact more fully by stating a case of conversion. The action of trover is a very usual mode of enforcing a redemption of a pledge. (See Jones on Pledges, sec. 561.)

We are of opinion that the complaint in intervention by Eagan was regular and within the statute. (Code Civ. Proc., sec. 386.)

We find no error in the record, and the judgment and order are affirmed.

McFARLAND, J., and SHARPSTEIN, J., concurred.

Rehearing denied.