### SOPHIA WALKER v. CHARLES H. SANDERS.[1]

January 17, 1908.

Nos. 15,417—(153).

**Intervention.**

Any person having such an interest in the subject-matter in litigation between others that he may gain or lose by the judgment therein may intervene and become a party to the action in the manner pointed out by section 4140, R. L. 1905.

**Same.**

Plaintiff brought this action to set aside a deed theretofore executed by her to defendant on the ground that it was obtained by fraud and fraudulent representations. After the commencement of the action she conveyed by warranty deed to the intervener the property thus transferred to defendant, and he was permitted by the court to intervene in the action and join plaintiff in contesting the validity of defendant's deed. *Held*, under the statute referred to above, that he had the right to intervene, and the court's order granting leave to do so was proper.

[1] Reported in 114 N. W. 649.

**Substitution of Party.**

The right of substitution, and the consequent complete elimination of a party to the record, arises only in those cases where the whole beneficial interest in the cause of action is assigned and transferred pendente lite.

**Same.**

If by the terms of such an assignment the plaintiff retains any substantial interest in the further prosecution of the action, or may become liable to the assignee if the action fails, intervention by the assignee, and not substitution, is the proper remedy.

Action in the district court for Norman county to have a certain deed set aside on the ground that it was obtained by fraud. Ingval H. Aamoth, having received a conveyance of the premises described in the complaint after the cause was at issue, obtained the consent of the court and filed his complaint in intervention. From an order, Grindeland, J., denying a motion to dismiss the intervener's complaint and from an order overruling defendant's demurrer to intervener's complaint, defendant appealed. Affirmed.

*J.~T. Van Metre,* for appellant.

*J. E. Beum,* for respondent.

BROWN, J.

The facts in this case are as follows: The action was brought by plaintiff, Sophia Walker, an Indian woman of the Chippewa tribe, to cancel and set aside a deed theretofore executed by her to defendant, conveying to him certain real property which she had acquired from the general government by reason of her relationship with said tribe of Indians. The complaint alleges that she duly acquired title to the land, and that in the month of September, 1906, defendant procured the deed, which the action was brought to set aside, by fraud and fraudulent representations, and that plaintiff received no consideration whatever therefor. The deed was thereafter caused to be recorded by defendant in the office of the register of deeds. Defendant answered, admitting that plaintiff was a member of the Chippewa tribe of Indians and that she acquired title to the land in question from the general government, admitting also that she conveyed the same to defendant, but denying that the deed was obtained by fraud or

fraudulent representations or that it was without consideration. The action was commenced in October, 1906, a month after the execution of the deed. Thereafter, in April, 1907, the plaintiff, her husband joining, conveyed the land by warranty deed to Ingval H. Aamoth. Whereupon Aamoth made application to the court to intervene and become a party to the action, to the end that he might join plaintiff in contesting the validity of the deed to defendant. The application was granted, and the intervener filed a complaint in intervention in due form, setting up, among other things, the conveyance of the land to him, and demanding judgment that the deed to defendant be canceled and set aside, and that the intervener be declared the owner in fee of the land. Defendant then moved the court to dismiss the intervener's complaint, and also demurred thereto on the ground that the complaint failed to state facts sufficient to constitute a cause of action. The court denied the motion to dismiss and overruled the demurrer, whereupon defendant appealed from both orders.

In view of the conclusion we have reached, namely, that Aamoth had the right to intervene in the action, joining plaintiff in contesting the validity of defendant's deed, it becomes unnecessary to consider whether the question was properly raised by defendant's demurrer, or his motion to dismiss the complaint in intervention. Conceding that the question was properly raised, we consider only the merits of the case.

Our statutes on the subject of intervention (R. L. 1905, § 4140) provide that any person having such an interest in the matter in litigation between others that he may either gain or lose by the judgment therein may, at any time before trial, become a party to the action by filing a complaint setting forth his interest and demanding appropriate relief against either or both the principal parties. Statutes of this kind permitting intervention by interested outsiders are liberally construed by the courts, resulting in substantial benefit to litigants, inasmuch as it secures the settlement of controversies between several persons concerning particular property rights in a single action and prevents unnecessary litigation. 11 Pl. & Pr. 496–500. The right is quite generally accorded to any person having a benefi-

cial interest in the matter in suit, and is sustained, even though the intervener may have another remedy. Coffey v. Greenfield, 55 Cal. 382; Spalding v. Murphy, 63 Neb. 401, 88 N. W. 489; Corwin v. Bensley, 43 Cal. 253; Taylor v. Bank, 9 S. D. 572, 70 N. W. 834; Bennett v. Whitcomb, 25 Minn. 148; Schuler v. McCord, 79 Minn. 39, 81 N. W. 547; McAllen v. Hodge, 92 Minn. 68, 99 N. W. 424.

Our statutes permit an intervention when the person seeking to intervene shows an interest in the litigation and the fact that he will either gain or lose by the judgment between the original parties. That the intervener in this case brings himself within the statute we are quite clear. He has succeeded to the plaintiff's title to the property in controversy, and if the judgment be in plaintiff's favor he will gain directly thereby; for it will clear the title of defendant's claim and obviate another suit to determine the same questions. He probably would not lose any of his rights by a judgment for defendant; for it is doubtful, not being a party to the suit, whether he would be bound thereby. But that he would gain, should plaintiff prevail, is beyond question.

This is not seriously controverted by defendant; his principal contention being that, as plaintiff's interest in the property passed by the warranty deed to intervener, substitution, and not intervention, was the proper remedy. However forceful this contention may seem at first thought, it is not sound. The right of substitution, and the consequent complete elimination of a party to the action, arises only in those cases where the whole beneficial interest in the cause of action is assigned or transferred pendente lite. If by the terms of an assignment of a cause of action plaintiff retains any interest therein, or may become liable to the assignee if the action fails, he remains an interested party, and may insist on his right to contest the action jointly with his assignee. While in the case at bar plaintiff conveyed the land in controversy to intervener after the commencement of the action, her whole interest in the subject-matter of the action was not thereby transferred. We assume, from the fact alleged in the intervener's complaint, that the conveyance by which plaintiff parted with her title to the property was in the form of a warranty deed, and that she therein covenanted that she was the owner of the property, with

good right to sell and convey the same, and that she would warrant and defend the title. In this situation it is clear that she still has an interest in the outcome of the litigation and the right to remain a party to the action, to the end that she may protect herself from liability on these covenants. She, therefore, could not be completely ignored by the substitution of her grantee as party plaintiff.

The case of Bank v. Timbrell, 113 Iowa, 713, 84 N. W. 519, cited by appellant, is not in point. In that case, after the commencement of the action plaintiff made an assignment of the cause of action to the intervener, retaining no right therein and assuming no obligations naturally to follow an adverse result of the action. Neither is the case of Smith v. Gale, 144 U. S. 509, 12 Sup. Ct. 674, 36 L. Ed. 521, in point. There a person who had conveyed real property sought to intervene and become a party to the suit between her grantee and a third person for the protection of her rights and possible liability under her covenants of warranty. But the court refused to permit the intervention. In this action the intervener is the holder of the legal title, which he seeks to protect by intervening in the action. If he had been the grantor in the deed of the property, and sought to intervene in the action for the purpose of litigating the questions in issue to protect him from the consequences of a breach of covenants or failure of title, the case would be like the Gale case just referred to. It is not fatal to the right of intervention that the intervener's title to the property was acquired after the commencement of the action. It is immaterial when he acquired the right he makes the basis of his claim to be heard, whether before or after the suit was commenced. The statutes permit an intervention at any time before the trial of the principal action commences, and do not limit the right to those who acquired an interest in the subject-matter of the litigation before the action was brought.

Order affirmed.