### GAINES v. CLARK et al.

(Court of Appeals of District of Columbia. Submitted October 12, 1920. Decided June 26, 1921. Rehearing Denied October 3, 1921.)

No. 3329.

1. **Equity** ⊝⟶114—**Wide discretion vested in chancellor in permitting intervention.**

Wide discretion is vested in the chancellor in permitting or refusing leave to intervene in equity, but this discretion is not absolute.

2. **Equity** ⊝⟶114—**When party must be allowed to intervene.**

If a party seeking intervention in equity will not be left without a remedy, granting or refusal will usually be deemed discretionary with the court; but if the party seeking intervention shows ownership in or a lien against the res which is the subject of the litigation, and he is without remedy elsewhere to protect his right, the court should not refuse leave to intervene.

3. **Mortgages** ⊝⟶436—**Abuse of discretion to refuse to allow intervention.**

In a suit to subject land to payment of notes secured by deed of trust, it was abuse of discretion to refuse intervention to a third person, claiming that he was owner in fee as tenant in common of an undivided one-half interest, and that the debt had been paid, and asking to be permitted to protect his estate by payment of the amount found to be due, if any was due even though such third person acquired his interest by purchase pending litigation.

4. **Equity** ⊝⟶114—**Application to intervene should not be disposed of upon legal technicality.**

An application to intervene in equity should not be denied upon a legal technicality, and should not be denied merely because applicant was negligent in making his application for leave; but, being made before decree, leave should be granted on condition that evidence already taken shall be considered as taken in applicant's case, subject to his right to recall and cross-examine such witnesses as testified, and to produce such further testimony as he may be advised.

Appeal from the Supreme Court of the District of Columbia.

Bill by William A. Clark against the United States Realty Company and others, in which Nathaniel L. Gaines, trustee, petitioned to be allowed to become a party. From an adverse decree, intervener appeals. Reversed and remanded.

---

⊝⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Dan Thew Wright, of Washington, D. C., for appellant.

C. C. Tucker and Evans Browne, both of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. Appellee William A. Clark, the alleged owner of two promissory notes aggregating $17,500, secured by a deed of trust on certain real estate in the District of Columbia, filed an amended and supplemental bill in equity in the Supreme Court of the District November 9, 1915, to establish the notes, which were alleged to have been lost, and for a decree for the sale of the real estate and payment of the alleged indebtedness. The defendants to this action were the United States Realty Company, a corporation, the United States Trust Company, a corporation, Henry H. Gilfry and John W. Peters, trustees, and the Munsey Trust Company, a corporation.

The deed of trust was made by Walter A. Brothers to defendants Gilfry and Peters, trustees, on April 26, 1901. On the same date, Brothers, by warranty deed, conveyed the land in question to appellee William A. Clark and one Arthur E. Randle—

"to have and to hold the said land, premises, and appurtenances, unto and to the only use of the parties of the second part, their heirs and assigns forever, as tenants in common, to each an undivided one-half interest subject to a certain deed of trust given by the party of the first part to secure a debt of $17,500, dated April 26, 1901, and duly recorded among the land records of the said District, which debt the parties of the second part hereby assume and agree to pay as part of the consideration hereof."

On August 20, 1903, Randle and wife, by special warranty deed, conveyed to the United States Realty Company their undivided one-half interest in the lands in question, together with certain other lands described in the deed to the realty company.

On June 6, 1919, appellant, Nathaniel L. Gaines, trustee, petitioned the court to be allowed to become a party and to intervene in the pending suit of Clark for the sale of the lands under the Brothers deed of trust. In his intervening bill, Gaines alleges:

"That he is a citizen of the United States, a resident of the District of Columbia, and brings this bill as trustee appointed by the Supreme Court of the District of Columbia in the place and stead of Paul K. Shuler, trustee, under a certain deed of trust dated the 15th day of June, A. D. 1917, by and between the United States Realty Company of Washington, D. C., Incorporated, and Paul K. Shuler of South Carolina. Your petitioner, Nathaniel L. Gaines, trustee, and the plaintiff, William A. Clark, are the owners as tenants in common and in fee simple of the real estate described in paragraph 3 of the plaintiff's (William A. Clark's) amended bill herein filed."

It is averred in the bill that the deed of trust to secure the notes sued upon is a cloud upon the title; that he (Gaines) is informed and believes that the notes have been paid, but that, if it be found as a fact that they have not been paid, he tenders himself ready and willing to pay any balance that may be found to be due upon said notes. He prays that the court ascertain if the notes have been paid, and, if so, decree cancellation of the notes and deed of trust, but if a balance be

found unpaid, the court decree payment by Gaines to Clark of one-half of the amount found due and a release of the deed of trust in so far as it affects the interest of Gaines, trustee; or, in the alternative, upon payment to Clark of any sum found to be due, Clark be ordered to transfer and assign his interest in the notes and deed of trust to Gaines, trustee.

Upon hearing, the court denied the petition of appellant and entered a decree for the full amount sued upon and for the sale of the property under the deed of trust. From the decree, this appeal was taken.

[1, 2] Wide discretion is vested in the chancellor in permitting or refusing leave to intervene in a proceeding in equity. But this discretion is not absolute. If the party seeking intervention will not be left without a remedy in the suit in which leave to intervene is sought, the granting or refusal will usually be deemed discretionary with the court. But, if the party seeking intervention shows ownership in or a lien against the res which is the subject of litigation, and he is without remedy elsewhere to protect his right, the court should not refuse leave to intervene.

"Applications for leave to intervene are of two kinds. In one the applicant has other means of redress open to him, and it is within the court's discretion to refuse to incumber the main case with collateral inquiries. In the other the applicant's claim of right is such that he can never obtain relief unless it be granted him on intervention in the pending cause. In this latter class the right to intervene is absolute, and the rejection of the petition is a final adjudication, and therefore appealable." United States Trust Co. v. Chicago Terminal T. R. Co., 188 Fed. 292, 110 C. C. A. 270.

The right is absolute where the intervener shows an interest in the subject-matter of the litigation, and the refusal to permit intervention would result in the denial of certain relief.

"In such cases an order denying leave to intervene is not discretionary with the chancellor, and will generally furnish the basis for an appeal, since it finally disposes of the intervenor's claim by denying him all right to relief." Credits Commutation Co. v. United States, 177 U. S. 311, 316, 20 Sup. Ct. 636, 638 (44 L. Ed. 782).

[3] In the present case, appellant avers in his bill, and the case was presented to the court upon the theory, that he is the owner in fee, as tenant in common, of an undivided one-half interest in the real estate sought to be subjected to the payment of a claim which he avers has been paid. He is here seeking intervention to be heard upon the question of the existence of the indebtedness, and, if such be found to exist, to be permitted to protect his estate by the payment of the amount found to be due. If his claim to intervene is beset with no infirmity, his right cannot be denied.

But it is urged that he has no standing, since he bought the property pending the litigation to which he now seeks to become a party. The company through which he derived title was a party defendant in the original suit, and has suffered judgment to be taken against it. A person thus in privity with one of the parties may generally procure control of the suit by substitution. Hence there is reason for the rule that a person is not entitled to intervene, unless it would have been proper

when the action was commenced. The right of intervention, therefore, has been denied to persons acquiring an interest in the subject-matter of the litigation after the commencement of the action. Schaferman v. O'Brien, 28 Md. 565, 92 Am. Dec. 708. But we think the preponderance of modern authority is that a purchaser, or one acquiring an interest, pendente lite, is entitled to intervene. Loughborough v. McNevin, 74 Cal. 250, 14 Pac. 369, 15 Pac. 773, 5 Am. St. Rep. 435; Walker v. Sanders, 103 Minn. 124, 114 N. W. 649, 123 Am. St. Rep. 276, 300, and note.

[4] We are of opinion that, though appellant has been negligent in making his application for leave to intervene, inasmuch as it was made before decree was entered, the matter is one that should not be disposed of upon a legal technicality. The case presented is on its face a good one, and appellant should be given an opportunity to prove it. Leave to intervene, we think, should be granted upon the condition, however, that the evidence taken in the original suit, in so far as it bears upon appellant's case, shall be considered as taken therein, subject to his right to recall and cross-examine such of the witnesses as testified therein, and to produce such further testimony as he may be advised. This procedure is approved in Leary v. United States, 224 U. S. 567, 576, 32 Sup. Ct. 599, 56 L. Ed. 889, Ann. Cas. 1913D, 1029.

The decree is reversed, with costs, and the cause remanded for further proceedings.

Reversed and remanded.