ANTONIO RIVERA, Plaintiff and Appellant, *v.* FLOR RIVERA, Defendant; PIEDAD SANTIAGO, Intervener and Appellee.

No. 8138. Argued February 19, 1940.—Decided March 5, 1940.

*M. Guzmán Texidor* for appellant. *Angel M. Torregrosa* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The dismissal of the present appeal is sought on the ground that the order appealed from is not appealable.

It appears from the motion and the certificate enclosed therewith that Antonio Rivera brought an action of debt in the District Court of Guayama against Flor Rivera. In order to secure the effectiveness of any judgment that might be rendered therein twenty-two head of cattle were attached as the property of the defendant. The latter was served with notice of the complaint but failed to answer. His default was entered and judgment against him was rendered on the 8th of last December.

At this stage, on the 4th of the following January, Piedad Santiago applied for leave to intervene in the action on the ground that he was the owner of the cattle attached. The

court allowed the intervention in an order of January 20, 1940, from which the plaintiff took this appeal whose dismissal is now sought by the intervener.

He maintains that the order appealed from is not appealable relying on the decision of this court in *Espada* v. *Sepúlveda*, 20 P.R.R. 128.

Indeed, it was decided in the above case, transcribing from the syllabus, that "An order allowing a party to intervene in an action is not appealable," and the reason given for it in the course of the opinion was that "it is not included among the appealable decisions enumerated in section 295 of the Code of Civil Procedure."

However, two years afterwards, in *Berreteaga* v. *Pizá Hermanos*, 40 P.R.R. 474, a similar case to the one under consideration and determination, that is, one in which the intervention was allowed after entry of a judgment by default to a party who alleged to have an interest in the property attached in order to secure the effectiveness thereof, and in which the plaintiff took an appeal and the intervener moved for the dismissal thereof on the ground that the order appealed from was not appealable, it was held by this same court that the order allowing the intervention was appealable because there was involved "a special order made after final judgment, which is appealable under subdivision 3 of section 295 of the Code of Civil Procedure, since the said order allows, after the action was terminated by a judgment, the filing of a claim which will require another judgment and almost certainly an opposition from the other litigants or, at least, from the plaintiff, who secured the attachment giving rise to the intervention." The opinion does not reverse but distinguishes the case of *Espada* v. *Sepúlveda, supra.*

These are the only cases which this court has been able to find where the question involved herein is directly dealt with. There is another, that of *Fernández et al.* v. *Avellanet et al.,* 16 P.R.R. 61, where an appeal was taken from an order refusing the intervention and this court, without any

question as to whether or not the order was appealable, considered the case on its merits and reversed the order.

The decisions in this respect are not in accord. The substance rather than the concensus from them is given in 2 Am. Jur. 891, sec. 68, as follows:

"The decisions are not in accord as to the reviewability of an order denying or granting leave to intervene. In some cases an order denying leave is considered not final under statutes allowing appeals from final judgments only. The granting or refusing of such an order is also treated in some cases as being discretionary and hence not reviewable, in the absence of an abuse of such discretion by the trial court. In others, however, such an order is declared appealable.

"On the other hand, although there is authority to the contrary, the weight of autority seems to sustain the view that an order granting permission to intervene is appealable."

One of the citations in the lengthy note to *Walker* v. *Sanders*, 103 Minn. 124, in 123 Am. St. Rep. 276, regarding appeal, on p. 313, reads as follows:

"If an intervention is allowed and the complaint being filed, some error occurs in the subsequent proceedings, the right to review the action of the court on appeal or writ of error is doubtless the same as in other cases, and the proceedings in the exercise of the right do not fall within the scope of this note. If the application for leave to intervene is denied, the order of denial does not terminate the action or proceeding, and in that sense is not final, and it has been hence held not to be subject to appeal under statutes allowing appeals from final judgments only. (Citations). The refusal of leave to file a complaint of intervention or the striking it out, or sustaining a demurrer to it after it is filed, though it does not terminate the action or proceeding or dispose of it as between the original parties, does effectually terminate it as to the intervener or applicant, and, as to him, it is a final judgment or order. He may, therefore, appear and prosecute a writ of error without waiting for any further disposition of the case. (Citations.) In truth, it would appear that he must appeal from that order or he cannot appeal at all, for after he has been excluded from the case by the final action of the court on his application or petition, he is not a party to the action and can not appeal from a final judgment entered

between those who are parties. (Citations.) On the other hand, granting a permission to intervene, or overruling a demurrer to a complaint of intervention, or refusing to strike it out, does not finally determine for or against anyone any of the questions involved, for the court may at a later stage of the proceedings conclude that the intervention ought not to have been allowed, or that the complaint was insufficient, and hence give judgment against the intervener. Therefore, it is our jugment that such an order is not appealable (citations); though of the decisions upon the subject failing within our observation the majority sustain an opposite conclusion (citations). If leave has been granted and the complaint filed, the intervener becomes a party to the action or other proceeding, and as such entitled to appeal from any order or judgment therein prejudicial to him (citations) and to be made a party to any appeal or writ of error which may be prosecuted by his adversaries, if their success in such prosecution might result in his detriment (citations). It may happen that a decree on a complaint of intervention so disposes of questions on the merits as to become appealable, though the main suit has not reached a final conclusion (citations). Generally, however, the case does not so proceed and no appeal can be prosecuted until the cause is disposed of both with respect to the intervention and the original parties (citations). The courts of Louisiana have frecuently held that if the amount claimed by the plaintiff is sufficient to give the supreme court jurisdiction, the interveners may appeal, though their respective claims are less than the jurisdictional amount. (Citations.)''

In 20 Cal. Jur. 528, sec. 31. it is said:

''As stated in another article, an order denying an ·application to intervene in an action ends the litigation as to the intervener and may be appealed from by him immediately, free and unhampered by the subsequent proceedings in the action.''

In our judgment the question must be settled taking into consideration the effect of the order as to the more or less final disposition of the right involved and as to whether or not it may be considered, when subsequently judgment is rendered, as a special order, and thus the general rule should be that an order granting the intervention before or after judgment is not appealable, and that refusal thereof, before or after, is appealable, as to the intervener, of course.

Applying this rule to this particular case we must sustain the intervener's motion and, therefore, dismiss the appeal filed by the plaintiff in the action from the order granting leave to intervene on the ground that such order is not appealable even if rendered after judgment.

The appeal must be dismissed.

Mr. Justice Travieso took no part in the decision of this case.