Bily, Execx., Appellant, v. Allegheny County Board of Property Assessment, Appeals and Review.

Argued September 24, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*A. W. Henderson,* with him *Moorhead & Knox,* for appellant.

*James M. Guffey,* with him *John J. O'Connell,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, October 30, 1945:

A reversal here is imperative because the court below disregarded the ever increasing trend in procedural law to recognize the real parties in interest as the actual litigants and to grant them a status as such on the record.

The owners of a property in Pittsburgh appealed from a 1943 triennial assessment to the Board of Property Assessment, Appeals and Review. Plaintiff, a mortgagee of this property, instituted foreclosure proceedings and purchased the property at sheriff's sale, at which time she was required to pay all the taxes levied against it for the year 1943. Her counsel thereupon addressed a letter to the Board asking that, in the appeal proceedings then pending, she be substituted as the new owner of the property, and shortly thereafter she filed with the Board a formal petition to be permitted to intervene and to succeed to the rights of the former title holders. The Board heard the testimony of witnesses whom she produced, but, so far from consenting to accept her as an

intervenor or as a successor in interest to the prior owners, granted the latter permission to withdraw their appeal. Plaintiff then filed in the Court of Common Pleas a petition for a writ of alternative mandamus commanding the Board to allow her to intervene or be substituted in the appeal proceedings and thereupon to continue with the hearings and determine the proper assessment. The court denied the writ, holding that plaintiff had no standing to intervene and that the prior owners had the right to withdraw their appeal.

We are of opinion that the court was wrong in both of these conclusions. The right of intervention should be accorded to anyone having title to property which is the subject of litigation, provided that his rights will be substantially affected by the direct legal operation and effect of the decision, and provided also that it is reasonably necessary for him to safeguard an interest of his own which no other party on the record is interested in protecting. Equity Rule 25 and Pa. R. C. P. 2327 [1] are recognitions of this principle. The right of intervention or of substitution especially arises when a beneficial interest in the cause of action is acquired pendente lite, as by purchase of the property during the course of the litigation: *Loughborough, Admr., v. Mc-Nevin*, 74 Cal. 250, 14 P. 369, 15 P. 773; *Ladd v. Stevenson*, 112 N. Y. 325, 19 N. E. 842; *Mooney v. New York Elevated R. R. Co.*, 163 N. Y. 242, 57 N. E. 496; *Walker v. Sanders*, 103 Minn. 124, 114 N. W. 649, and annotation in 123 Am. St. Rep. 280, 299, 300; *Gaines v. Clark*, 275 F. 1017, 1020; *Schaeffer v. Herman*, 237 Pa. 86, 90, 85 A. 94, 95; 39 Am. Jur. 937, §65; Pa. R. C. P. 2004.[1] Indeed a change in the ownership of the property while the proceedings are pending effects an automatic change in the identity of the litigants and, although permission to in-

[1] The "action" referred to in Pa. R. C. P. 2327 is defined in Rule 2326, and the "action" referred to in Pa. R. C. P. 2004 is defined in Rule 2001, as "any civil action or proceeding at law brought in or appealed to any court of record which is subject to these rules."

tervene is ordinarily within the discretion of the court, the right in such cases, in the absence of qualifying circumstances, is such an absolute one that the refusal to recognize it constitutes an abuse of judicial discretion: cf. *Gaines v. Clark*, 275 F. 1017, 1019; *Northampton Trust Co., Trustee, v. Northampton Traction Co.*, 270 Pa. 199, 205, 112 A. 871, 872; *Valmont Developing Co. v. Rosser*, 297 Pa. 140, 149, 150, 146 A. 557, 560, 561. True, the intervention here was sought, not in court proceedings, but before the Board of Property Assessment, Appeals and Review; that Board, however, in acting upon appeals, functions as a quasi-judicial tribunal (*Susquehanna Collieries Company's Appeal*, 335 Pa. 337, 344, 6 A. 2d 831, 834) and must therefore observe the same requirements of fair procedure, especially in the present instance because, the assessment of 1943 being a triennial one, plaintiff would, as owner, and therefore as taxpayer, be bound until 1946 by the amount fixed by the Board.[2]

As a corollary to the right of the plaintiff to intervene or be substituted as appellant, it is obvious that the Board should not have allowed the appeal to be withdrawn at the instance of the prior owners. Discontinuance of an action is always subject to the consent of the court, and it should not be permitted if prejudicial to the rights of others. As early as 1785 it was held, in a decision of this court which has never been questioned, that a plaintiff cannot discontinue if he has ceased, by reason of an assignment of the cause of action, to be the

---

[2] It is of interest to note that in the *Mesta Machine Company Case* the United States was allowed by the Court of Common Pleas of Allegheny County (91 P. L. J. 343) to intervene in an appeal from this same Board on the ground that it was the actual party in interest since it would have been obliged to reimburse the nominal taxpayer if the assessment were sustained; the right of intervention thus upheld was not passed upon when the case was heard in this court on appeal (347 Pa. 191, 32 A. 2d 236) but the United States was recognized as the real litigant and its claim sustained in the appellate proceedings in the federal Supreme Court (322 U. S. 174).

real party in interest and if the discontinuance is opposed by the person in whom the beneficial interest has vested: *McCullum v. Coxe,* 1 Dallas 139.

The order denying the writ of mandamus is reversed and the record is remanded with direction to grant a peremptory writ as prayed for.