## Sanitary Water Board v. Tri-County Fuel Company

*Robert J. Trace*, for appellant.

*William M. Gross*, for appellee.

*Miles R. Lynn, Jr.*, for intervenors.

NEELY, P. J., July 24, 1961.—This is an appeal from an adjudication of the Sanitary Water Board. That board, on January 31, 1961, issued the following order:

"Application No. 18893-M, of Tri-County Fuel Co., for a permit for the discharge of mine drainage and industrial waste disposal, is disapproved and the request for a permit denied."

The matter is presently before us on the petition of the owners of land in the Township of Venago, Butler County, to intervene in this appeal as parties appellant. The board opposes intervention. The court held a hearing on July 17, 1961.

The present appellant is the lessee of the two properties involved in this proceeding. It was its plan of mine drainage that was disapproved by the board. It is admitted as a fact that the lease was executed by petitioners for the purpose of mining and removing coal from their land.

Petitioners contend that the action of the board adversely affects their ownership of the property. The Sanitary Water Board contends, however, that the only thing the board has done is to disapprove the drainage plan that has been submitted by the lessee, leaving appellant in this case, the lessee, free to submit another plan.

The effect of the order of the board upon petitioners' ownership of the land can only be determined after the court has had an opportunity to fully consider this case on its merits. At this point, however, it seems clear to us that the owners of the land in question have sufficient interest to entitle them to be parties to this proceeding, which under the admitted facts in the

case, affects the use to which their land can be put; particularly since they had in mind the very use which the board refused to permit.

Pennsylvania Rule of Civil Procedure 2327 provides that: "At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if . . . (3) such person could have joined as an original party in the action or could have been joined therein."

In our judgment, the owners of this land could have joined in these proceedings before the board, in view of the fact that the property was leased for the very purpose of conducting coal mining operations.

What the Supreme Court said in Bily v. Allegheny County Board of Property Assessment, Appeals and Review, 353 Pa. 49, 51 (1945), is pertinent in this case:

". . . The right of intervention should be accorded to anyone having title to property which is the subject of litigation, provided that his rights will be substantially affected by the direct legal operation and effect of the decision, and provided also that it is reasonably necessary for him to safeguard an interest of his own which no other party on the record is interested in protecting."

There is no person on the record who is interested in protecting petitioners' freehold estate. Whether that estate is affected by the board's decision, as we have already said, must await the outcome of the court's determination. At this point, however, we feel that there has been sufficient showing made of petitioners' interest to entitle them to intervene.

For these reasons, we make the following

*Order*

And now, July 24, 1961, the petition for intervention is allowed and permission is granted to petitioners to intervene as appellants in this appeal.