PROVOSTY, J.
Defendant leased to plaintiff a certain store building in the city of Monroe at $50 per month, with option to purchase at any time between certain fixed dates at $6,500. Plaintiff having decided to exercise the option, and called upon defendant to execute a title in his favor, and defendant having refused, plaintiff brought suit for specific performance. The defense to the suit was that defendant was only half owner of the property, the other half owners being his children, and that he was therefore unable to specifically perform. That defense was sustained by this court. Walshe v. Endom, 124 La. 697, 50 South. 656. Plaintiff then brought the present suit in damages for breach of contract.
[1] One defense is that plaintiff went on and paid rent to defendant after having exercised the option to purchase, and that this was a waiver of the option. The facts are that upon defendant’s refusal to make title plaintiff brought suit for specific performance, and deposited in court the $6,500 agreed upon as the price to be paid under the option; but, after having done this, and until the expiration of the contract of lease, went on and paid rent, for fear defendant would bring suit for rent and provisionally seize his, plaintiff’s, property upon the leased premises in ease the rent was not paid; that at the expiration of the lease the plaintiff retained possession of the premises but refused to pay rent, claiming to be owner, and defendant brought suit for rent, and recovered judgment for $1,475, which plaintiff paid.
Under these circumstances, we do not think the payment of rent operated an abandonment or waiver of the option. Abandonment or waiver, or renunciation, must be voluntary, whereas the payments were in a sense compulsory.
[2] Another defense to the present suit is that, while the plaintiff was ostensibly acting for himself in making the contract of lease and option, he was in reality and secretly acting for another, and that plaintiff has therefore no personal interest in maintaining this suit, that this other person whom plaintiff was secretly representing has alone a standing to maintain the action.
This defense can hardly be serious. Even if it were true (and it is not) that plaintiff was secretly acting for another, of what concern would that be to defendant?
[3] The next and last defense is that the sale was of the property of another, and therefore null, and that plaintiff cannot recover damages because he knew at the time he made the contract that the property did not belong to defendant.
The evidence does not show any such knowledge on the part of the plaintiff. It shows the contrary.
The damages claimed by plaintiff are itemized in the petition, as follows:
$5,500, the difference between the actual value of the leased property and the price stipulated in the lease contract and option to purchase.
$2,475, paid by plaintiff to defendant as rent, in monthly installments of $50, between May 15, 1904, and July 1, 1908.
*151 $1,472.61, paid by plaintiff in the suit for rent.
$439.34, the accrued interest on the $6,500 judicially deposited June 27, 1908, and November 15, 1909.
$750, as attorney’s fees for prosecuting suit No. 5889 in the District and Supreme Courts.
$136.50, costs incurred in suit No. 5889 in the district court, including cost of printing brief, together with the traveling and hotel expenses of his attorney.
Of these damages plaintiff is entitled to recover only the difference between the contract price and the value of the property, which the trial judge found to be $2,000, but which we find to be $3,500.
The property has continued to belong to the defendant, and whatever plaintiff may have paid for the enjoyment of it as lessee or otherwise was due to the defendant as owner of the property.
Eor any losses which plaintiff may have suffered as the result of having sought to compel specific performance such as loss of interest on the $6,500 deposit, attorney’s fees and costs, plaintiff has but himself to blame, for he should not have brought that suit, as appears from the judgment in the suit.
The judgment appealed from is increased to $3,500, with legal interest on $2,000 thereof from June 30, 191.0, the date of judgment in the lower court, and like interest on the remainder thereof from this date, and, as thus amended, is affirmed.