## BURBANK v. PAIGE

(No. 2033; January 25, 1938; 75 Pac. (2) 387)

384

For the appellant, there was a brief and an oral argument by *Lenoir Bell* of Laramie, Wyoming.

For the respondent, there was a brief and an oral argument by *S. Glenn Parker* of Laramie.

BLUME, Chief Justice.

This is an action in the nature of an ejectment, to recover the possession of property located at 319 Gar-

field St., in the city of Laramie, Wyoming, on account of the non-payment of rent. On August 8, 1935, the plaintiff and appellant, Ethel Burbank, and Electa D. Paige, defendant and respondent herein, entered into a contract whereby the plaintiff leased to the defendant the property above mentioned for the period of one year commencing with August 10, 1935, until August 10, 1936, at a rental of $125 per month, payable in advance on the 10th day of each month. The defendant herein contends that the date of payment was subsequently orally changed from the 10th of each month to the 12th of each month, on account of the fact that defendant did not obtain possession of the premises until August 12, 1935. This contention was sustained by the trial court, and that finding is acquiesced in by the appellant herein. The contract above mentioned also provided that the defendant should have the option to purchase the property above mentioned at any time during the life of the lease, by giving the plaintiff thirty days' notice of such an election. The terms upon which the purchase was to be made were set out. We need not mention the details except to say that it was agreed that whatever sum of money the defendant had paid as rental of the premises should be applied upon the purchase price. Rental was duly paid up to and including the month of February, 1936. On March 11, 1936, the plaintiff gave notice to the defendant of an election to forfeit the lease on account of the non-payment of rent on March 10, 1936. On March 12, 1936, the defendant made a tender of the amount of rent due, but that was refused. Tender was also made of the rent due during the following months, but in each instance was refused. On May 8, 1936, the defendant filed her answer herein, alleging that she holds under an unexpired lease; that the date of payment of the rental was by oral agreement fixed on the 12th of each month as already above mentioned; that she tendered the rental on March 12,

1936, and on the 12th day of the subsequent month, and that she has been ready and willing to pay the rental on or before the day the same was due, and that she now offers payment of all past due rental on the property. Defendant further pleaded that she elects to purchase the demised premises, giving, by the answer, notice of her intention to do so, upon the terms and conditions set forth in the agreement above mentioned. On May 20th, 1936, the defendant caused a notice to be served upon the plaintiff herein, notifying the latter on that date that defendant had elected to purchase the above mentioned property upon the terms and conditions of the agreement above mentioned, and also stating: "I wish to make the option effective within thirty days from the date on which you receive this letter. Will you accordingly notify me at once of your compliance with my election." On the next day the plaintiff sent a letter to the defendant as follows:

"Yesterday, May 20, 1936, I received your letter stating your election to purchase the premises described as 319 Garfield Street, Laramie, Wyoming in the lease between us dated August 8, 1935. In view of the fact that you have forfeited all rights under said lease and that your election has not been made in time, I refuse to comply with the election expressed in your letter."

On September 25, 1936, the plaintiff filed a reply to the answer of the defendant filed in the case, in substance alleging that the attempted forfeiture of the lease was justified. She prayed that all rights of the defendant in and under the lease be adjudged forfeited and of no effect and that the defendant be adjudged to have no right to purchase the premises. The cause came on for trial before the court without a jury on January 30, 1937. Before any evidence was introduced counsel for the plaintiff stated that he would object to any evidence of a tender of the rental unless the defendant would bring the money into court at that time.

The objection was subsequently repeated, and at one time counsel for the plaintiff asked whether or not the defendant refused to again tender the money. Counsel for the defendant thereupon responded: "No; we are willing to make the tender, although we are not in a position to make it at this time because we do not have the money here in court and are not now able to make the tender, but we do not refuse." Evidence as to the tender was received by the court subject to the objection. On March 3, 1937, the court entered judgment herein, holding that the plaintiff had no right to attempt to cancel the lease on March 11, 1936; that thereafter, on May 20, 1936, the defendant gave notice of election to purchase the property under the terms of the contract heretofore mentioned, and that this notice became effective on June 20, 1936; that defendant is now entitled to purchase the property according to the agreement. The court therefore ordered that the terms and conditions upon which the defendant would be entitled to purchase the property were, among other things, that defendant should pay in cash the sum of $859.15, composed of $408.33 rental of the premises from March 12, 1936, to June 20, 1936, and the sum of $450.82 for an amount paid out by the plaintiff on the mortgage against the premises which the defendant under her option to purchase was to assume. Other conditions were mentioned in the judgment, but need not be set out herein. Defendant complied with the court's order. On March 9, 1937, plaintiff accepted the sum of $408.33, found to be due as rental by the court as above mentioned, but refused to accept the remaining amount paid in, and thereupon, on March 10, 1937, filed a motion to vacate the judgment entered, and to amend the reply. On April 20, 1937, the court overruled the motion. In the meantime, and on March 15, 1937, due notice of appeal to this court on the part of the plaintiff was served upon the defendant herein.

1. Counsel for the plaintiff assigns as error herein that the court found that plaintiff had elected to purchase the property on May 20, 1936, and contends that it should have found that the election to purchase was made on May 8, 1936, when the defendant filed an answer in this case. The point is argued at great length, counsel insisting that an election once made is binding, citing 35 C. J. 1040 and other authorities. We are somewhat at a loss to know why this argument is made. Defendant wants the property; she wants her election to become effective. In all probability the notice of May 20, 1936, was served on plaintiff merely for the purpose of making the election certain, perhaps fearing that the notice given in the answer on May 8, 1936, might not, for some reason or other, be deemed to be sufficient. The second notice but strengthened the position taken on May 8, 1936, and the defendant is willing to be bound by her action taken on May 8, 1936, just as plaintiff insists. We have diligently read over, and that several times, the many pages of counsel's brief devoted to this point, but have failed to find that he has pointed out any prejudice to his client by reason of the finding of the court in fixing May 20, 1936, as the date of election. In order that we may reverse a case, it is not sufficient that the trial court committed an error. The error, in order to be reversible, must be prejudicial. Section 89-1064, Rev. St. 1931 provides that no judgment shall be reversed unless the court has committed an error which affects the substantial rights of the adverse party. So far as we are able to conjecture, the difference in the dates now under consideration could make a difference only in the amount of interest as compared with the amount of rental. The court fixed the rental at $408.33, based upon the theory that the date of May 20, 1936, was the correct date of election. The plaintiff accepted that amount. She thereby agreed

that the action of the court is right. She cannot now take a contrary position.

2. Error is also assigned by reason of the fact that the court permitted evidence as to the tender of rent, in the absence of bringing money into court, and appellant contends that no judgment in favor of the plaintiff should have been rendered in the absence of doing so. It is stated in 26 R. C. L. 643 as follows:

"Doubtless it is safer practice to keep a tender good, but that is a question of policy in many cases rather than a strict legal requirement. Ordinarily a tender need not be kept good when it appears that it will not be accepted."

To the cases cited under the text, we may add also the case of Bogue v. Roeth, 98 Cal. App. 257, 276 Pac. 1071. It is very clear that at the very time when counsel for the plaintiff demanded that defendant should bring the money into court, he was contending on behalf of his client that the lease was forfeited and that plaintiff had the right to refuse the tender of the rental theretofore made. It is apparent, accordingly, that even if the money had been brought into court, plaintiff would not have accepted it, and the case, accordingly, comes within the rule above stated, and the assignment of error just disclosed must accordingly be overruled. We may add that in view of the fact that plaintiff subsequently accepted the rental in accordance with the judgment of the trial court, it is at least a question whether or not she did not waive any error, if any, in connection with this point.

3. While, as above stated, counsel for plaintiff contends, that when the defendant made her election to purchase the property, it became binding upon her, he also contends that when defendant, pursuant to the judgment of the trial court, paid the sum of $408.33, which included rental up to June 20, 1936, she thereby

unequivocally waived her right to purchase the property, and that a judgment authorizing such purchase was, accordingly, erroneous. We shall not stop to inquire into the apparent inconsistency of these two positions, and whether counsel can rely upon them both. He has cited no authorities in point on the question of waiver. He has referred us to 35 C. J. 1045, and to the case of Walshe v. Endom, 129 La. 148, 55 So. 744. In the text cited from Corpus Juris, it is said:

"However, a waiver to be effective must be voluntary, and therefore compulsory payment of rent after exercising the option does not amount to a waiver thereof."

In the case of Walshe v. Endom, supra, the court held that payment of rent pursuant to a judgment of the court was compulsory and did not operate as an abandonment or waiver of the option to purchase. The authorities, accordingly, cited by counsel hold exactly opposite to his contention. It is clear in this case that defendant did not intend to waive her option to purchase. She gave two notices of election; insisted upon the trial of the case that she should be permitted to take over the property. She insists upon that now. If she waived her right, it would be based upon a possible error of paying rent for 12 days more than necessary. If that was an error, the error was committed by the court, not by defendant. We think the contention on this point should be overruled.

On March 10, 1937, the plaintiff filed a motion to be permitted to amend her reply by adding thereto certain facts occurring since the date of the answer of the defendant, including the election made by defendant on May 8, 1936, and the payment of rent by her as above mentioned. The court overruled the motion. From what we have heretofore said, it appears that the

court's action was without prejudice. The judgment should, accordingly, be affirmed, and it is so ordered.

*Affirmed.*

RINER and KIMBALL, JJ., concur.