[Civ. No. 2183.   Fourth Appellate District.—December 14, 1938.]

GEORGE W. WAGNER et al., Respondents, v. CLYDE C. SHOEMAKER, Appellant.

John Stewart Ross and Winthrop O. Gordon for Appellant.

Best & Best for Respondents.

MARKS, J.—This is an appeal from a judgment which, among other things, provides that plaintiffs' title to certain lands in Riverside County be quieted; that defendants be en-

joined from foreclosing a trust deed on these lands; that defendant Pioneer Title Insurance and Trust Company reconvey that property to plaintiffs. The judgment was conditioned on the payment of $2,407.50 by plaintiffs to Clyde C. Shoemaker.

On April 1, 1932, plaintiffs executed their promissory note in the principal sum of $8,366.18, payable to Helen M. Cox, now Helen M. Cox Bennett, in instalments, together with interest at the rate of seven per cent per annum. This note was secured by a deed of trust subject to a prior encumbrance which has been paid.

Plaintiffs failed to make the payments on their note as they became due and a notice of default was recorded. Under date of September 8, 1935, Helen M. Cox Bennett and her husband entered into a contract with plaintiffs wherein it was agreed that the indebtedness evidenced by the note be reduced to $3,000, payable, $750 forthwith, and the balance of $2,250 in instalments of $1,000 per annum, with interest at the rate of seven per cent per annum. This contract contained the following:

"It is further understood that said George Wagner and wife shall make application for a Government loan upon said above described premises, and in case said loan is obtained then in that instance the total unpaid balance upon said note shall be paid in full at the time said loan is obtained."

The following summary of part of the findings of fact detail the factual situation to be considered in determining the questions necessary for decision here: That prior to September 8, 1935, only $50 had been paid on the principal of the promissory note; that on that date the contract of compromise was executed and $750 paid to Helen M. Cox Bennett; that plaintiffs made an application for a government loan on the property, which was granted on June 25, 1936, in an amount sufficient to pay "the said balance on said note and trust deed"; that plaintiffs performed all the conditions of the contract of September 8, 1935, on their part to be performed; that on March 16, 1936, Shoemaker, with knowledge of the terms of the contract of September 8, 1935, purchased the note and deed of trust; that on August 14, 1936, plaintiffs tendered Shoemaker $2,407.50 in lawful money, being $2,250 principal, with interest from September 8, 1935, to date of the tender; that Shoemaker rejected the tender on

the sole ground that it was inadequate in amount; that in open court plaintiffs offered to pay Shoemaker $2,407.50.

Counsel states that Shoemaker purchased the note and deed of trust for $1500. Shoemaker admits that he is not an innocent purchaser for value before maturity and concedes that he took the note and deed of trust subject to all equities. In his cross-complaint to foreclose the deed of trust he demanded the full amount of the unpaid principal and accrued interest of more than $11,000.

■ Shoemaker maintains and contends that the contract of September 8, 1935, merely reduced the amount to be paid on a past due obligation and extended the time of payment; that it is not supported by any consideration and is void. The same argument was made in the case of *Brooks* v. *Fidelity Savings & Loan Assn.*, 26 Cal. App. (2d) 114 [78 Pac. (2d) 1175] (hearing denied), which involved a contract to accept $10,000 in payment of a $15,000 obligation upon which there was an unpaid principal balance of $11,118.56. There, as here, the owners agreed to apply for a new loan on the property. In holding this contract was supported by a sufficient consideration, the court said:

"Weighing all of the conditions then existing,—a depressed market for real property, the value of ready cash, the scarcity of bidders at foreclosure sales due to financial conditions which then existed in the general business depression, defendants may have preferred an agreement for the payment of $10,000.00 in cash rather than to take over the real property on foreclosure.

"It is also alleged that plaintiffs expended money and time in procuring the consent of the Reconstruction Finance Corporation to advance the money, something plaintiffs were not called upon to do by the terms of their note.

"We believe that sufficient consideration did exist for the execution of the agreement, and on that issue the complaint stated a cause of action."

■ Shoemaker further urges that as the tender was not made good by deposit in a bank it cannot be relied upon now as a valid offer of performance. As he rejected the tender on the sole ground that it was inadequate in amount, he waived all other grounds of objection. (Sec. 1501, Civ. Code.)

The argument that the tender must be followed by deposit in a bank, under the facts here disclosed, is answered in the

case of *Bogue* v. *Roeth,* 98 Cal. App. 257 [276 Pac. 1071], where it is said:

"The affirmative allegation contained in the answer that a sum was due the defendants which was greatly in excess of the amount tendered and found by the jury to have been due, together with the fact that the case was tried on the part of the defendants upon the theory that they were entitled to this larger sum of money, furnishes sufficient basis upon which to assume that plaintiff's tender of $8,250 was futile, and it was therefore unnecessary for him to pay that amount into court to keep the tender good. Ordinarily a tender need not be kept good when it appears that it will not be accepted. (26 R. C. L. 624, sec. 3, p. 643, sec. 24.) Moreover, a mere objection to the amount of a claim tendered will be deemed to be a waiver of all other alleged defects of the tender, such as inability to pay or the character of money offered or the invalidity of a check. (26 R. C. L. 628, sec. 7.)"

As plaintiffs tendered the full amount necessary to pay the principal and interest of their debt the property was discharged from the lien of the deed of trust. In *Sondel* v. *Arnold,* 2 Cal. (2d) 87 [39 Pac. (2d) 793], a case involving the lien of a deed of trust, the Supreme Court said:

"Neither the principal nor the interest mentioned in the letter was ever paid by appellant, or the makers of the note, whereupon, respondent proceeded to and did procure a trustee's deed to the property following sale for alleged default. This action was then commenced by appellant to have the trustee's sale and resultant deed declared void on the ground that she had on the maturity date of the note made a valid tender of the amount due, causing, under the provisions of section 1504 of the Civil Code, so she asserts, a cessation of interest and a discharge of the lien against the property. The cited code section provides that 'An offer of payment or other performance, duly made, though the title to the thing offered be not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof.' It has been held under this section that a tender, duly made, of the amount of an obligation works a discharge of a lien given as collateral security therefor. (*Leet* v. *Armbruster,* 143 Cal. 663, 668–672 [77 Pac. 653]; *Walker* v. *Houston,* 215 Cal. 742,

745-747 [12 Pac. (2d) 952, 87 A. L. R. 937].)'' (See, also, *Bogue* v. *Roeth, supra.*)

It follows that Shoemaker cannot complain of the judgment which relieved the property from the lien of the deed of trust only upon the payment to him of the amount due and unpaid. This is a more favorable judgment than that to which he is entitled.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 9, 1939.