### NATHANIEL S. SAWYER *vs.* LEANDER SPOFFORD.

Where evidence is given of circumstances tending to prove a sale of a chattel, no presumption arises, that the sale, if made, was an absolute one; but it is to be left to the jury, upon all the evidence, to decide whether it was absolute or conditional; the burden being on him who alleges a sale to prove either an absolute one, or a sale upon a condition precedent, which has been performed.

IN this action, which was replevin for a yoke of oxen, tried before *Wells,* C. J., in the court of common pleas, both parties claimed title under Charles Hills, deceased. The plaintiff gave in evidence the declarations of Hills, in his lifetime, that he had sold the oxen to the plaintiff. The defendant suggested, as a part of his defence, and introduced evidence to prove, that if any sale was made by Hills to the plaintiff, it was a conditional sale. The plaintiff thereupon requested the judge to instruct the jury, that if they should be satisfied of a sale and delivery of the oxen to the plaintiff by Hills, such sale was to be taken as an unconditional one; and that if the sale was conditional, the burden of proof was upon the defendant to show the condition. The judge refused so to instruct the jury, but left it to them to determine, upon all

the evidence, what was the actual contract between Hills and the plaintiff. He also instructed the jury, that the declarations of Hills, and the delivery of the cattle, were only evidence tending to prove that the sale was absolute, to be considered by the jury in connection with the other evidence in the case, and that if an absolute sale was necessary to entitle the plaintiff to recover, it was upon him to satisfy the jury that the sale was absolute.

The jury having returned a verdict for the defendant, the plaintiff excepted to the above ruling.

The case was submitted without argument.

BY THE COURT. The direction, we think, was right. The oxen having been the acknowledged property of Hills, they must be deemed his at his decease, unless a change of property was proved. The burden was upon the plaintiff to prove an absolute sale, or a sale upon a condition precedent, and the condition complied with. *Whitwell* v. *Vincent*, 4 Pick. 449; *Reed* v. *Upton*, 10 Pick. 522; *Heath* v. *Randall*, ante, 195. The delivery might be some evidence of an executed sale, but it was far from being conclusive. In all the above cited cases, the property was sold on a condition precedent, and delivered; but it was held that as the condition was not complied with, the property was not changed.

*Exceptions overruled.*