## Freeman, Secretary of Banking, v. Borough of Winton

*J. Julius Levy*, for plaintiff.
*Philip V. Mattes*, for intervenor.
*James G. Colleran*, for defendant.

EAGEN, J., February 6, 1946.—This is an action in assumpsit, which by agreement was tried before the writer without a jury.

Certain sewer improvement bonds were issued on April 17, 1917, by the Borough of Winton to one Dennis Lawler. They were in registered form and each bond provides on its face: "This bond is duly registered and

is only transferable in the office of the Borough Clerk of the Borough of Winton."

Dennis Lawler died and in due course letters testamentary issued in his estate naming Lucy Lawler executrix thereof. At the date of death the bonds in question were not found among his effects but were found to be in the vault of the Miners Savings Bank and Trust Company of Olyphant.

Subsequently this action was instituted by the Secretary of Banking of the Commonwealth, as receiver of the above mentioned bank to recover from the municipality the proceeds of the bonds. In the statement of claim filed it is stated that the bonds "were duly sold and transferred by the said Dennis Lawler to the Miners Savings Bank and Trust Company of Olyphant for value received". Thereupon, the executrix of the estate of Dennis Lawler filed a petition of intervention alleging that decedent had not transferred or assigned said bonds in his lifetime and denying any ownership or right therein on the part of the bank.

At the hearing counsel agreed that the issue presented is the ownership of the securities.

No direct testimony was offered to show how the bank came into their possession. No evidence was offered to show that the registered owner of the bonds ever executed any assignment or transfer of title. On the reverse side of each bond printed forms are provided for the entry of an assignment. These are blank. As far as we know the bank holds no note, contract or other obligation of Dennis Lawler. The bonds were never transferred in the office of the borough clerk and are still registered in the name of Dennis Lawler. Nor are there any entries to indicate any other intention.

The burden of establishing that the bank had title to the bonds as a result of sale, as alleged in the statement of claim rested upon plaintiff. No satisfactory proof to sustain this contention was presented. The evidence offered to prove the bank's ownership sustained only

one thing, that the bank had possession of the bonds at the time of the death of the registered owner. This in our opinion was not enough. For us to conclude on the record before us that the bonds had been assigned to the bank during decedent's lifetime would be a pure guess.

In 22 C. J. 90, 91, the general principles of law are enumerated as follows:

"Where it is shown that certain property belongs to a particular person, the law presumes that the ownership remains unchanged until the contrary appears, . . ."

This presumption is stronger than the presumption of title or ownership arising from another's mere possession of the property, as the mere parting with the possession does not even raise a presumption of a change of title.

In Hartman v. Pittsburgh Incline Plane Co., 11 Pa. Superior Ct. 438, the court says:

"Having proved . . . that the structure was erected and maintained by it (the defendant) . . . it might well be presumed, in the absence of any evidence to the contrary, that it continued to be the responsible owner of it. . . . When a person is shown to have been the owner of property, such ownership is ordinarily presumed to continue until some change or alienation is shown."

In Ebert v. Kaufmann, 17 Dist. R. 156, 158, Judge Moschzisker said:

"There is a certain class of facts which, when proved to have existed at a given time, are presumed to continue in statu quo until the contrary is shown, and we believe the fact in question (ownership of property) to be within that class."

In Magee v. Scott, 9 Cush. (Mass.), 148; 55 Am. Dec. 49, the court said:

"The plaintiff is proved to be the owner of the (personal) property, and that right of property will con-

tinue until a change proved as by sale, lien, or voluntary loan. Whoever relies on such change must prove it; the proof lies on him. All that appears in the present case is, that the property came into the possession of the defendant, with the plaintiff's consent.

". . . We are then called on to consider the directions given by the judge on the trial.

"The first was, that presumption of ownership continues until some alienation is shown. This is correct. A party having this ownership does not lose it, by permitting another to be in possession. The ordinary mode of proving property is, proving that it was purchased and paid for, and it will be deemed in law to be the purchasers' until something is shown to change the title, and merely parting with the possession affords no conclusive evidence of such change."

See also Zwisler v. Storts et al., 30 Mo. A. 163, Sawyer v. Spofford, 58 Mass. 598, and Jennings v. Brooklyn Hts. R. Co., 121 App. Div. 587, 106 N. Y. Supp 279.

While the point was not raised, we think the executrix of decedent's estate had the legal right to intervene herein. In Bily v. Allegheny County Board, 353 Pa. 49, it is held:

"The right of intervention in pending litigation should be accorded to anyone having title to property which is the subject of the litigation, provided that his rights will be substantially affected by the direct legal operation and effect of the decision, and provided also that it is reasonably necessary for him to safeguard an interest of his own which no other party on the record is interested in protecting."

### Findings of fact

1. On April 17, 1917, Dennis Lawler, for value received became the owner and possessor of the bonds of the Borough of Winton involved in this case.

2. Said bonds were registered in the name of Dennis Lawler and each bond provides on its face: "This bond

is duly registered and is only transferable in the office of the Borough Clerk of the Borough of Winton."

3. These bonds were never transferred in the office of the borough clerk of the Borough of Winton either by Dennis Lawler or by anyone else.

4. These bonds still appear on the record of the office of the borough clerk of the Borough of Winton as the property of Dennis Lawler as the registered owner thereof.

5. On the back of each bond, the spaces provided for the record of assignments or transfers are all blank.

6. Dennis Lawler is now dead and the letters testamentary on his estate are held by Lucy Lawler, the intervenor in this case.

7. Said bonds were not found among the effects of Dennis Lawler at his death but were found in the vault of the Miners Savings Bank and Trust Company of Olyphant at or shortly after the appointment of a re-receiver for said bank.

8. There is no direct testimony as to how the bonds came to be in the vault of said bank.

9. The receiver holds no assignment or transfer of said bonds or other document of title thereto signed by Dennis Lawler nor is there any testimony that any such document ever existed.

10. The receiver holds no note, contract or other obligation of Dennis Lawler.

11. All of the books and records of the Miners Savings Bank and Trust Company were destroyed by the receiver after becoming water soaked in a flood in 1942, approximately nine years after the beginning of the receivership.

12. After being found in the vault of the bank, said bonds were placed on a list of securities by the appraisers at the time of the appointment of the receiver and an appraised value was set opposite the listing of the bonds. This figure, representing the value, was later crossed off in red ink.

13. The receiver petitioned the court for leave to sell and later petitioned the court to confirm the sale of the "remaining assets" of the Miners Savings Bank and Trust Company but did not list these Winton bonds on any of the lists attached to said petitions as being among the "remaining assets".

14. It is the custom of banks, of which the court takes judicial notice, when acquiring title to registered bonds, to secure written evidence of transfer of title from the owner thereof and also to secure the transfer of registry of such bonds within a reasonable time after acquiring title.

15. There is no evidence that the Miners Savings Bank and Trust Company or the receiver thereof ever took any steps to secure the transfer of registry of these bonds or had in their possession any document upon which a transfer of registry could be based.

16. Neither Dennis Lawler, in his lifetime, nor his executrix after decease, ever parted with the title to said bonds even though the custody or possession thereof was, for some unexplained reason, entrusted to the bank.

17. The bonds in suit are now owned by Lucy Lawler, executrix of the estate of Dennis Lawler, deceased.

18. The executrix has made demand upon the receiver for the delivery of the bonds to her but has been refused.

### Conclusions of law

1. Dennis Lawler, being admittedly the owner of said bonds at one time, his ownership is presumed to continue until the contrary is shown.

2. Ownership of personal property at a particular time having once been established, the burden is upon the party alleging change in such ownership to establish the fact by the fair weight and preponderance of the evidence.

3. A mere change in the custody or possession of documents, such as registered bonds, evidencing a chose

in action, is insufficient to establish a change in the title to such chose in action.

4. Title to a registered bond does not pass merely by delivery. Therefore, evidence of delivery or of a transfer of possession is insufficient to divest the title of the registered owner.

5. Defendant borough cannot be made answerable in a suit on registered bonds except by the registered owner thereof or by someone able to show title derived from the registered owner.

6. Plaintiff has failed to sustain the allegations in his statement of claim that the bonds "were duly sold and transferred by the said Dennis Lawler to the Miners Savings Bank and Trust Company of Olyphant for value received".

7. Lucy Lawler, as executrix of the estate of Dennis Lawler, deceased, had a right to intervene in this proceeding on behalf of the interests of the estate.

8. The title to these bonds never passed out of Dennis Lawler during his lifetime. Since his death it has rested in his executrix, Lucy Lawler.

9. Plaintiff should comply with the demand of the executrix for the delivery of the bonds to her.

10. A decree should be entered that the issue as to the ownership of the bonds in suit is decided in favor of Lucy Lawler, executrix of the estate of Dennis Lawler, deceased, intervenor, and against the Secretary of Banking as receiver of the Miners Savings Bank and Trust Company of Olyphant, plaintiff.

## Decree

Now, February 6, 1946, judgment nisi is entered on the issue as to the ownership of the bonds in suit in favor of Lucy Lawler, executrix of the estate of Dennis Lawler, deceased, intervenor, and against the Secretary of Banking as receiver of the Miners Savings Bank and Trust Company, Olyphant, plaintiff, and the ownership of said bonds is decreed to be in said executrix.

It appears that counsel, by stipulation, have waived the filing of exceptions to the decree nisi. Therefore, final judgment and decree absolute is entered in favor of Lucy Lawler, executrix of the Estate of Dennis Lawler, deceased, intervenor, and against the Secretary of Banking as receiver of the Miners Savings Bank and Trust Company, Olyphant, as plaintiff upon the issue as to the ownership of the bonds in suit and the ownership of said bonds is hereby decreed to be in said executrix.